COMMONWEALTH *vs.* ASA N. SMITH.

Worcester.  September 29. — October 1, 1874.  COLT & MORTON, JJ., absent.

An indictment under the Gen. Sts. *c.* 161, § 38, which charges a defendant with being the clerk, servant and agent of A., B. and C., sufficiently negatives the fact of apprenticeship by averring that he was not then and there an apprentice to the said A., B. and C.

An indictment under the Gen. Sts. *c.* 161, § 38, which avers the property embezzled to be the property of A., B. and C., sufficiently negatives the consent of the owners by averring that it was without the consent of A., B. and C.

INDICTMENT under the Gen. Sts. *c*. 161, § 38,* charging the defendant in different counts at a place and time named "being then and there the clerk, servant, and agent of Gustavus F. Swift, Edwin C. Swift and Josiah B. Hallett, and not being then and there an apprentice to the said Gustavus F. Swift, Edwin C. Swift and Josiah B. Hallett, nor a person under the age of sixteen years, did then and there by virtue of his said employment, have, receive and take into his possession" certain described property, the property "of the said Gustavus F. Swift, Edwin C. Swift and Josiah B. Hallett, the said Asa N. Smith's said employers, and the said Asa N. Smith" the said property "then and there did embezzle and fraudulently convert to his own use, without the consent of the said Gustavus F. Swift, Edwin C. Swift and Josiah B. Hallett, the said Asa N. Smith's said employers, whereby and by force of the statute in such case made and provided, the said Asa N. Smith is deemed to have committed the crime of simple larceny."

In the Superior Court, before the jury were empanelled, the defendant moved to quash the indictment, and assigned the following causes therefor:

"1. Because in neither of the several counts does it negative the fact that he was then and there the apprentice of some one of the three persons named as owners, to wit, Gustavus F. Swift, Edwin C. Swift and Josiah B. Hallett.

"2. Because in neither of the several counts does it allege that said Asa N. Smith converted said property to his own use, without the consent of some one of the three persons named as owners of said property, to wit, Gustavus F. Swift, Edwin C. Swift and Josiah B. Hallett."

This motion was overruled, the defendant was found guilty, and appealed.

*J. A. Titus*, for the defendant. The language of the indictment is not precise and conclusive in its attempt to negative the

---

* This statute provides : "If an officer, agent, clerk or servant of any incorporated company, or if a clerk, agent or servant of any private person or copartnership, except apprentices and other persons under the age of sixteen years, embezzles or frandulently converts to his own use, or takes or secretes with intent so to do without consent of his employer or master, any property of another, which has come to his possession or is under his care by virtue of such employment, he shall be deemed guilty of simple larceny."

fact of apprenticeship. The defendant might have been an apprentice to one or two of the joint owners or copartners, and if so, then he would be exempt from the charge contained in the indictment. *State* v. *Stone*, 15 Misso. 513. The indictment should also negative the consent of all and each of the joint owners or copartners.

*C. R. Train*, Attorney General, for the Commonwealth.

WELLS, J. The relation, which is essential to the offence charged in this indictment, is that of clerk, agent, or servant by virtue of some contract or employment other than that of apprenticeship. The recitals, in the several counts of the indictment, set forth such a relation to the three persons whose joint property was alleged to have been appropriated by the defendant.

If he was an apprentice to one of them, the question would arise whether the property was intrusted to him in that capacity, or whether he received it by virtue of some other employment by the three owners. But that would be a question of fact to be determined upon the evidence. It is not necessary to negative such a relation in the indictment, any further than it is negatived by the affirmative allegation of the relation, other than of apprenticeship, to the three owners of the property.

Like considerations apply to the allegation that the defendant appropriated the property without the consent of the owners. If the consent of one of the three owners was given and was such as to bind the three, it was the consent of all the owners, and is negatived by the allegation in the indictment.

The motion to quash was rightly overruled, and there must be

*Judgment on the verdict.*